No. 351

KOBLITZ v. MORRIS ARNOFF REALTY CO.

Ohio Apepals, 8th Dist., Cuyahoga Co.

No. 5490. Decided Feb. 2, 1925

865. OFFICERS—Of corporation cannot receive compensation for services rendered in connection with corporation, unless expressly or impliedly provided for by authority of board of directors.

SULLIVAN, J.

Morris Arnoff was involved financially by reason of ventures into the construction of apartment houses in Cleveland. In order to protect creditors, as well as the property, a Creditors Committee was formed at a meeting of all the creditors, as was the incorporation of the Morris Arnoff Realty Co. Lawrence Koblitz was a member of the Creditors Committee and also secretary-treasurer of the corporation. Arnoff agreed to deed to the newly organized corporation, all property involved, and the company was to execute a mortgage deed of trust to the amount of the creditors claims, to the Guarantee Title & Trust Co. as security for payment of their claims. Morris Arnoff, the holder of almost all the stock, was to transfer the same to Trust Co.

By 1920 all the creditors had been paid their claims, and their bonds had been turned back with the exceptions of the Farr Brick Co., one of the creditors, of which company Koblitz was treasurer. Koblitz refused to execute an affidavit that its bonds had been stolen, as it claimed, and give proper indemnification because of an amount claimed by him on a "quantum meruit" basis for services rendered in behalf of the Realty Co. while connected with it. Action was brought by Arnoff in the Cuyahoga Common Pleas to recover $9200 for his services; but judgment in that court was rendered in favor of the Realty Co. Error was prosecuted and the Court of Appeals held:

1. Officers of corporations are precluded from receiving compensation for services connected with the Corporations unless express or implied authority is derived from board of directors. The record showed no testimony of authority from the directors to bind the corporation to pay anything to Koblitz for any services.

2. Arnoff as general manager of the incorporation did most of what work there was to be accomplished.

3. Conversation of Koblitz brought out the fact that he did not expect to get paid for his services.

The judgment not being contrary to the weight of the evidence, is affirmed.

Attorneys—Squire, Sanders, and Dempsey, for Koblitz; Reed, Meals, Orgill, and Maschke for Arnoff Realty Company; all of Cleveland.

---

No. 352

LENTZ v. LENTZ

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1284. Decided March 13, 1925.

293. CONTEMPT—A person arrested for, cannot claim immunity by remaining in court room, claiming she is party to a lawsuit.

BY THE COURT.

The original action was one for malicious prosecution. Alta Lentz brought this action basing it upon an arrest claimed to have been made in a contempt of court case, the alleged arrest having been made upon order of a Judge and affidavit by John J. Lentz. At close of evidence in trial court, the Judge directed a non-suit. Error was prosecuted and Alta Lentz claimed she should have received immunity from arrest because, she was party to a suit in progress in the court. ·Court of Appeals held:

1. We are of the opinion that the undisputed facts fail to sustain her claim for malicious prosecution.

2. The power to punish for contempt is inherent in the court and not subject to any restriction by Statute.

Judgment of lower court affirmed.

Attorneys—C. M. Addison for Alta; Henry A. Williams and B. W. Gearheart for John J.; all of Columbus.